UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ELIODORO ZAPATA-HERRERA, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil No.08mj0546-NLS <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS CRIMINAL COMPLAINT** <br><br> [Doc. No. 10] |

Presently before the Court is Defendant's Motion to Dismiss for Violations of Title 18 of the United States Code, Sections 3060, 3161, and 4247 [Doc. No. 10]. The Government filed a response in opposition [Doc. No. 12]. Defendant filed a reply [Doc. No. 13].

**BACKGROUND**

Defendant Eliodoro Zapata-Herrera was arrested on February 23, 2008 and charged by criminal complaint with being a deported alien found in the United States, a violation of Title 8 U.S.C. § 1326. Defendant made his initial appearance on February 25, 2008, at which time the Court set a preliminary hearing date of March 4, 2008. At the initial appearance, Government counsel advised the Court that Defendant had been found incompetent to stand trial in a previous criminal case and moved for a competency examination.[1] Defense counsel opposed the Government's motion. The Court did not rule

---

[1] Defendant has been found incompetent in several previous criminal cases in this district. In Criminal Case No. 99cr1760, Defendant was charged with illegal entry in violation of 8 U.S.C. § 1326. Subsequent to a competency exam performed by Dr. Mark Kalish, Defendant was found incompetent to stand trial or assist in his own defense, and was ordered remanded to the custody of the Attorney General for treatment in an appropriate

on the motion at the initial appearance. Instead, the Court continued the motion for a competency examination to March 4, 2008, the preliminary hearing date. On March 4, 2008, the Court granted the Government's motion for a competency exam and consequently did not hold a preliminary hearing. On joint motion of counsel, the Court then ordered Defendant to undergo a competency evaluation by a private psychologist, Dr. Judith Meyers, pursuant to 18 U.S.C. § 4241(a).[2] The Court set a competency hearing for April 3, 2008, but on that date Dr. Meyers' report was not yet available because neither party had contacted Dr. Meyers to set up the examination. Defendant blames the Government for this oversight. The Government claims there was a miscommunication between counsel as to which of them would contact Dr. Meyers. Given these circumstances, the Court ordered the Government to contact Dr. Meyers, have her examine Defendant by April 21, 2008, and provide her report to the Court by April 28, 2008. The Court then rescheduled the competency hearing to May 5, 2008 and excluded time under the Speedy Trial Act from March 4, 2008 until May 5, 2008, pursuant to 18 U.S.C. §3161(h)(1)(A).

On April 15, 2008, the parties scheduled a status conference with the Court to advise that Dr. Meyers attempted to conduct her examination of Defendant on April 10, 2008, but he refused to meet with her. At the April 15, 2008 status conference the Court explained to Defendant that he was delaying

---

medical facility for up to four months. At the close of the four month period, Defendant was re-evaluated, found to be competent, entered a guilty plea to the charges against him, and was sentenced to a period of thirty months incarceration and one year of supervised release. After serving his term in custody, in December 2003 Defendant violated the terms of his supervised release and was arrested. Subsequent to a competency exam by Dr. Beatrice Heller, Defendant was found to be incompetent and remanded to the custody of the Attorney General for treatment in a medical facility for up to four months. In September 2004, Defendant was found to be competent and sentenced to an additional twelve months incarceration for the violation of his supervised release.

In Criminal Case No. 06cr1292, Defendant was once again arrested for illegal entry. Subsequent to a competency exam by Dr. Yanofsky, Defendant was found by the Court to be competent to stand trial and assist in his own defense. This case was ultimately dismissed without prejudice on the Government's motion.

In Criminal Case No. 06cr2346, Defendant was arrested for illegal entry. Defendant requested a competency exam, and was examined by Dr. Mark Kalish who found Defendant to be competent to stand trial, Defendant requested a second examination by a different doctor. Dr. Judith Meyers examined Defendant and found him to be incompetent. Subsequently, the Government moved to dismiss the charges against Defendant without prejudice based on Dr. Meyers' finding of incompetency. The Court granted the motion, and the charges were dismissed.

In Criminal Case No. 07mj577, Defendant again was arrested for illegal entry. This case was dismissed without prejudice shortly after its initiation on the Government's motion.

[2] Counsel agreed to have Dr. Meyers perform the examination because she had most recently examined Defendant for competency.

his case by not allowing Dr. Meyers to examine him. The Court asked Defendant whether he would agree to cooperate with Dr. Meyers if she came back to conduct her examination of him and he said "yes." At that point, Defendant's counsel made an oral motion to dismiss the complaint on grounds that the court failed to hold a preliminary hearing within ten days of the initial appearance and for violation of the Speedy Trial Act. The Court denied the oral motion without prejudice and invited counsel to file a written motion. Defendant filed the instant motion to dismiss the criminal complaint on April 21, 2008, the Government filed an opposition on April 22, 2008, Defendant filed a reply on April 23, 2008, and the Court set a hearing date on April 24, 2008.

## ANALYSIS

### A.     The Ten Day Limit For Holding A Preliminary Hearing

Rule 5.1(c) of the Federal Rules of Criminal Procedure sets a ten day time limit to conduct a preliminary hearing for a defendant who is in custody, following the dictates of 18 U.S.C. § 3060(b). The court has authority to extend the ten day limit with or without the Defendant's consent as provided in Fed.R.Crim.P. 5.1(d). Without the defendant's consent, the court can extend the ten day limit "only on a showing that extraordinary circumstances exist and justice requires the delay." *Id*. The time limit in the rule conforms with the statute. *See* 18 U.S.C. § 3060(c).

Defendant's first argument is that the Court should dismiss the complaint pursuant to 18 U.S.C. § 3060(d) because the Court did not conduct a preliminary hearing within ten days after Defendant's initial appearance. However, extraordinary circumstances existed that prevented the preliminary hearing from going forward within ten days and justice required the delay. The Court could not hold a preliminary hearing on the tenth day following Defendant's initial appearance because on that date the Court found pursuant to 18 U.S.C. § 4241 that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of the proceedings against him or to assist properly in his defense." Where such a determination is made, all proceedings against him are necessarily stayed or suspended, including the preliminary hearing, until such time the defendant is determined mentally competent to proceed. *See, e.g. United States v. Moser*, __F.Supp 2d__ 2008 WL 873652 (W.D.Okla. 2008). In *Moser*, the district court held that § 4241 necessarily modifies the time limits imposed by

Fed.R.Crim.P. 5.1(c) regardless of whether the magistrate judge makes an express finding on the record pursuant to Fed.R.Crim.P. 5.1(d) that "extraordinary circumstances exist and justice requires the delay." To the extent an express finding is required, the Court now **ORDERS *nunc pro tunc*, that the preliminary hearing in this case be extended from March 3, 2008 to May 5, 2008** based on a finding that extraordinary circumstances exist and justice requires the delay because there is reasonable cause to believe Defendant may be mentally incompetent to proceed.

**B.     The Speedy Trial Act**

Defendant's second argument is that the complaint should be dismissed for violating that portion of the Speedy Trial Act ("STA") which requires an indictment or information be filed within thirty days from the date the Defendant was arrested or served with a summons in connection with the charges. *See* 18 U.S.C. § 3161(b). The STA allows certain periods of time to be excluded in computing the thirty day time limit. The relevant exclusion here is for "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). Although Defendant agrees the Court properly can exclude time from the STA for a mental competency examination, he contends the amount of excludable time under § 3161(h)(1)(A) is further limited by 18 U.S.C. § 4247(b) which sets a thirty day time limit (with a reasonable extension up to fifteen days) for a competency examination.[3] This argument is foreclosed by *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir. 1993) which held that the time limits set forth in § 4247(b) have no application to speedy trial calculations. *Accord*, *United States v. Daychild*, 357 F.3d 1082, 1094 (9th Cir. 2004); *see also*, *United States v. Edwards,* 2007 WL 602228 (D.Nev. 2007), *United States v. Hancock*, 962 F.Supp. 1291, 1293-94 (D.Hawaii 1997). Under *Miranda*, the Court did not violate the STA by excluding time from April 3, 2008 to May 5, 2008 for delay associated with Defendant's competency evaluation.

---

[3] 18 U.S.C. §4147(b) provides in pertinent part that the court can commit the person to be examined under §4241 for a reasonable period of time not to exceed thirty days but also that a reasonable extension not to exceed fifteen days may be granted upon a showing of good cause that the additional time is needed to observe and evaluate the defendant.

**C.      The Government's Alleged Negligence In Arranging the Competency Examination**

Defendant's third argument set forth in his reply to the Government's opposition, is that the initial thirty day delay should not be excluded under 18 U.S.C. § 3161(h)(1)(A) because the delay was caused by Government inaction rather than actual proceedings to determine competency.[4]  In support of this argument, Defendant cites to a variety of cases, the majority of which are not cases within the Ninth Circuit, and all of which involve delays in the physical transfer of the defendant to the appropriate examination facility or other delays in transportation. *See, e.g. United States v. Bauer*, 286 F.Supp.2d 31 (D.D.C. 2003); *United States v. Castle*, 906 F.2d 134 (5th Cir. 1990); *United States v. Noone*, 913 F.2d 20 (1st Cir. 1990); *United States v. Taylor*, 821 F.2d 1377 (9th Cir. 1987); *United States v. Lewis*, 484 F.Supp.2d 380 (W.D. Pa. 2007).  The case law cited by Defendant has evolved as a result of the ten day transportation exclusion from the STA that is set out in 18 U.S.C. § 3161(h)(1)(H).  This particular provision arose from a legislative desire to urge the expedient, rather than economically efficient, transport of prisoners held in federal custody. *See Taylor, supra,* 821 F.2d at 1384, n.10.  This portion of the statute was drawn narrowly to ensure that its scope did not extend to delays due to other causes, i.e. clerical errors.  The Court notes that the delay in this case is not the result of a delay in transportation, and accordingly not governed by § 3161(h)(1)(H).[5]  Rather, this case is governed by § 3161(h)(1)(A) which contains no time limit.  Accordingly, even if the initial delay in scheduling the competency examination was due to the Government's negligence, the entire period of time from March 4, 2008 until May 5, 2008 is excludable from the STA  pursuant to §3161(h)(1)(A) as "delay resulting from any proceeding, including any examinations, to determine the mental competency of the defendant."

## CONCLUSION

A magistrate judge may properly order a competency evaluation as part of his or her delegated duties pursuant to CrimLR 57.4(c)(9) and 28 U.S.C. § 636(b)(1)(A).  However, a magistrate judge does not have jurisdiction to dismiss a criminal complaint other than for lack of probable cause.  The

---

[4] As noted previously, the Government contends the initial delay was caused by a miscommunication between counsel with each believing the other would make the arrangements with Dr. Meyers.

[5] Section 3161(h)(1)(H) states that any transportation period in excess of ten days is "presumed" to be unreasonable.

Government may either indict the case or dismiss the case, but this court cannot dismiss it nor can it go forward with a preliminary hearing or take a waiver of indictment unless and until the question of defendant's competence is determined.  The Court has set the competency hearing in this case for May 5, 2008.  Although the Court has now received a report from Dr. Meyers, the Court is not prepared to accelerate the hearing on the competency exam that was previously set for May 5, 2008.  On that date, the Court will determine based on all the evidence presented whether Defendant is competent to proceed with his preliminary hearing.  If the Court makes such a finding, the Government shall be prepared to put on its evidence.  Until such time, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss [Doc. No. 10].

**IT IS SO ORDERED**.

DATED:  April 29, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge