1  **ELIZABETH BARROS**
   California State Bar No. 227629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5030
   Telephone:    (619) 234-8467
4  Facsimile:    (619) 687-2666

5  Attorneys for Mr. Zapata

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE M. JAMES LORENZ)**

11  UNITED STATES OF AMERICA,              Case No.: 08CR1412-L

12            Plaintiff,                    Date:    June 30, 2008
                                           Time:    2:00 p.m.
13  v.

14  ELIODORO ZAPATA-HERRERA,               DEFENDANT'S NOTICE OF MOTION AND
                                           MOTION  TO:
15            Defendant.
                                           1)    COMPEL DISCOVERY; AND
16                                         2)    GRANT LEAVE TO FILE FURTHER
                                                 MOTIONS
17

18

19

20  TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
          CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:
21

22        **PLEASE TAKE NOTICE** that on the above-captioned date and time, or as soon thereafter as

23  counsel may be heard, the defendant, Eliodoro Zapata-Herrera, by and through his counsel, Elizabeth M.

24  Barros and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the motions

25  listed below.

26  //

27  //

28  //

1

**MOTIONS**

2      Eliodoro Zapata-Herrera, the defendant in this case, by and through his attorneys, Elizabeth M.

3  Barros, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal

4  Rules of Criminal Procedure, and all other applicable statutes, laws, case law, and rules, hereby moves this

5  Court for an order:

6      1)    compelling production of discovery; and

7      2)    granting leave to file further motions.

8      These motions are based upon the instant motions and notice of motions, the attached statement of

9  facts and memorandum of points and authorities, and any and all other materials that may come to this Court's

10  attention at the time of the hearing on these motions.

11                                          Respectfully submitted,

12

13

                                          /s/ Elizabeth M. Barros
14  Dated: June 16, 2008                    **ELIZABETH BARROS**
                                          Federal Defenders of San Diego, Inc.
15                                          Attorneys for Mr. Zapata-Herrera

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | **ELIZABETH BARROS**
California State Bar No. 227629
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, California  92101-5030
Telephone:    (619) 234-8467
4 | Facsimile:    (619) 687-2666

5 | Attorneys for Mr. Zapata

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE M. JAMES LORENZ)**

11 | UNITED STATES OF AMERICA,                     Case No.:  08CR1412-L

12 |         Plaintiff,

13 | v.                                                              **STATEMENT OF FACTS AND
MEMORANDUM OF POINTS AND**
14 | ELIODORO ZAPATA-HERRERA,             **AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTIONS**
15 |         Defendant.

16

17 | **I.**

18 | **STATEMENT OF FACTS**[1]

19 |         On February 23, 200, Mr. Zapata was arrested by border patrol.  On or about May 1, 2008, an

20 | indictment was filed charging Mr. Zapata with being a deported alien found in the United States in

21 | violation of 8 U.S.C. § 1326 (a) and (b).

22 | **II.**

23 | **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

24 |         Defendant moves for the production of the following discovery.  This request is not limited to those

25 | items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control,

26 | care, or knowledge of any "closely related investigative [or other] agencies."  See United States v. Bryan, 868

27

28

---

[1]  This statement of facts is based on the complaint and indictment filed by the
government and the discovery provided by the government.  Mr. Zapata does not accept this
statement as his own, and reserves the right to take a contrary position at motions and trial.

1  F.2d 1032 (9th Cir. 1989).

2      (1) The Defendant's Statements. The government must disclose to the defendant all copies of any

3  written or recorded statements made by the defendant; the substance of any statements made by the defendant

4  which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the

5  substance of any oral statements which the government intends to introduce at trial and any written summaries

6  of the defendant's oral statements contained in the handwritten notes of the government agent; any response

7  to any Miranda warnings which may have been given to the defendant; as well as any other statements by the

8  defendant. Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B). The Advisory Committee Notes and the 1991

9  amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether

10  oral or written, regardless of whether the government intends to make any use of those statements. See also

11  United States v. Bailleaux, 685 F.2d 1105, 1113-1114 (9th Cir. 1982).

12      (2) Arrest Reports, Notes and Dispatch Tapes. Defendant also specifically requests the government

13  to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the

14  circumstances surrounding the defendant's arrest and any questioning. This request includes, but is not

15  limited to, any rough notes, records, reports, transcripts or other documents in which statements of the

16  defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim.

17  P. 16(a)(1)(A), Fed. R. Crim. P. 16(a)(1)(B), and Brady v. Maryland, 373 U.S. 83 (1963). The government

18  must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn

19  statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(E), Fed. R.

20  Crim. P. 26.2, and United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999). Preservation of rough notes

21  is requested, whether or not the government deems them discoverable.

22      (3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible

23  evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

24  government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition

25  of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs,

26  427 U.S. 97 (1976).

27      (4) Any Information That May Result in a Lower Sentence Under The Guidelines. The government

28  must produce this information under Brady v. Maryland, 373 U.S. 83 (1963).

1    (5) <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of all alleged prior criminal

2  convictions and law enforcement contacts, if any.  Fed. R. Crim. P. 16(a)(1)(D).

3    (6) <u>Any Proposed 404(b) Evidence</u>.  To the extent that there is any such evidence, the government

4  must produce evidence of prior similar acts under Fed. R. Evid. 404(b) and "shall provide reasonable notice

5  in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed.

6  R. Evid. 404(b) at trial.    <u>See</u> <u>United States v. Vega</u>, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999).  The

7  defendant requests that such notice be given three weeks before trial in order to give the defense time to

8  adequately investigate and prepare for trial.

9    (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search,

10  either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(D).

11    (8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes

12  or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody or

13  care of the government and which relate to the arrest or the events leading to the arrest in this case be

14  preserved.

15    (9) <u>Henthorn Material</u>.  The defendant requests that the Assistant United States Attorney ("AUSA")

16  assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved

17  in the present case, and produce to him any exculpatory information and impeachment material at least two

18  weeks prior to trial and one week prior to the motion hearing.  <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 437, 438 (1995)

19  (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others

20  acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29

21  (9th Cir. 1991); <u>see also</u> <u>United States v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered

22  to personally conduct examination of records; appropriate government agency may review files and notify

23  AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); <u>United</u>

24  <u>States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996) (accord).  In addition, the defendant requests that if the

25  government is uncertain whether certain information is to be turned over pursuant to this request, that it

26  produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u>

27  inspection.

28  //

1   (10) Tangible Objects. The defendant requests the opportunity to inspect, copy, and test, as necessary,

2  all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics,

3  fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for

4  use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P.

5  16(a)(1)(E). **Specifically, defendant requests copies of his immigration file as well as any recordings of**

6  **his alleged prior removal.**

7   (11) Expert Witnesses. Defendant requests the name, qualifications, and a written summary of the

8  testimony of any person that the government intends to call as an expert witness during its case in chief. Fed.

9  R. Crim. P. 16(a)(1)(G). Defendant requests the notice of expert testimony be provided at a minimum of two

10  weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including

11  obtaining its own expert and/or investigating the opinions, credentials of the government's expert and a

12  hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v.

13  Carmichael Tire Co., 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must

14  determine, reliability and relevancy of expert testimony and such determinations may require "special briefing

15  or other proceedings").

16   (12) Impeachment Evidence. The defendant requests any evidence that any prospective government

17  witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has

18  made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland, 373

19  U.S. 83 (1963); United States v. Strifler, 851 F.2d 1197, 1201-1202 (9th Cir. 1988); Thomas v. United States,

20  343 F.2d 49, 53-54 (9th Cir. 1965).

21   (13) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any

22  evidence that any prospective witness is under investigation by federal, state or local authorities for any

23  criminal conduct.

24   (14) Evidence of Bias or Motive to Lie. Defendant requests any evidence that any prospective

25  Government witness is biased or prejudiced against Defendant, or has a motive to falsify or distort his or her

26  testimony. Pennsylvania v. Ritchie, 480 U.S. 39, 57-58 (1987); United States v. Strifler, 851 F.2d 1197, 1201-

27  1202 (9th Cir. 1988).

28  //

1      (15) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The

2 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show

3 that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and

4 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an

5 alcoholic.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197, 1201-1202 (9th Cir. 1988).

6      (16) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective

7 government witness.  <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense counsel has

8 equal right to talk to witnesses).  The defendant also requests the name and last known address of every

9 witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will

10 not be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

11      (17) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness

12 who made an arguably favorable statement concerning the defendant or who could not identify him or who

13 was unsure of his identity, or participation in the crime charged.

14      (18) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant

15 to any possible defense or contention that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir.

16 1982).  This includes all statements by percipient witnesses.

17      (19) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,

18 including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500

19 and Fed. R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at trial to allow the

20 defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an

21 accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under

22 section 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952

23 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject

24 of the interview the notes are then subject to the Jencks Act.  <u>See also</u> <u>United States v. Riley</u>, 189 F.3d 802,

25 806-808 (9th Cir. 1999).  Defendant requests pre-trial disclosure of such statements to avoid unnecessary

26 recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-

27 examination.

28 //

1      (20) <u>Giglio Information & Agreements Between the Government and Witnesses</u>. Pursuant to <u>Giglio</u>

2 <u>v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or

3 implied, made to any witness, in exchange for their testimony in this case, and all other information which

4 could be used for impeachment.

5      (21)   <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery

6 regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future

7 compensation, or any other kind of agreement or understanding, including any implicit understanding relating

8 to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and

9 the government (federal, state and/or local). This request also includes any discussion with a potential witness

10 about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain

11 was made, or the advice not followed.

12      (22)  <u>Informants and Cooperating Witnesses</u>.  The defendant requests disclosure of the names and

13 addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,

14 disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

15 charged against the defendant.  The government must disclose the informant's identity and location, as well

16 as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v.</u>

17 <u>United States</u>, 353 U.S. 52, 61-62 (1957).  The government must disclose any information derived from

18 informants which exculpates or tends to exculpate the defendant.

19      (23)  <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any

20 information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>,

21 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats

22 were made to the witness to secure cooperation with the authorities.

23      (24) <u>Personnel Records of Government Officers Involved in the Arrest</u>. Defendant requests all citizen

24 complaints and other related internal affairs documents involving any of the immigration officers or other law

25 enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. <u>See</u>

26 <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents,

27 defense counsel will be unable to procure them from any other source.

28 //

1    (25) <u>Training of Relevant Law Enforcement Officers</u>.  Defendant requests copies of all written,

2  videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement

3  agencies involved in the case (United States Customs Service, Border Patrol, DHS, Imperial Beach Sheriff's

4  Department, etc.) to their employees regarding:  (1) the informing of suspects of their Constitutional rights;

5  (2) the questioning of suspects and witnesses.

6    (26) <u>Residual Request</u>.  The defendant intends by this discovery motion to invoke his rights to

7  discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution

8  and laws of the United States.  The defendant requests that the government provide him and his attorney with

9  the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-

10  examination.

11  **III.**

12  **<u>MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS</u>**

13    Defense counsel has incomplete discovery at this time, and contemplates further motions once

14  discovery is received and reviewed with Mr. Zapata.  Therefore, counsel requests leave to file additional

15  motions once discovery is completed.

16  **IV.**

17  **<u>CONCLUSION</u>**

18    For the foregoing reasons, Mr. Zapata respectfully requests that this Court grant the above requested

19  motions and leave to file further motions.

20    Respectfully submitted,

21

22  Dated: June 16, 2008         /s/ Elizabeth M. Barros
                                **ELIZABETH BARROS**
                                Federal Defenders of San Diego, Inc.
23                              Attorneys for Mr. Zapata

24

25

26

27

28

1 | **ELIZABETH M. BARROS**
California State Bar No. 227629
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: elizabeth_barros@fd.org

5 | Attorneys for Eliodoro Zapata-Herrera

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE M. JAMES LORENZ)**

11 | UNITED STATES OF AMERICA,           )     Case No. 08CR1412-L
                                         )
12 |              Plaintiff,             )
                                         )
13 | v.                                  )     **CERTIFICATE OF SERVICE**
                                         )
14 | ELIODORO ZAPATA-HERRERA,            )
                                         )
15 |              Defendant.             )
    _____   )

16

17 |        Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

18 |                          Caroline Pineda Han
         Caroline.Han@usdoj.gov,efile.dkt.gc1@usdoj.gov,ginger.stacey@usdoj.gov
19

20 |                                            Respectfully submitted,

21

22 | DATED:        June 16, 2008              /s/ Elizabeth M. Barros
                                             **ELIZABETH M. BARROS**
23 |                                          Federal Defenders of San Diego, Inc.
                                             Attorneys for Eliodoro Zapata-Herrera
24

25

26

27

28